

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2009

# Carrera-Garrido v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Carrera-Garrido v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1817.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1817

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2321

_____

JOSE CARRERA-GARRIDO,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Daniel Meisner
(No. A70-651-466)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2008

_____

Before: AMBRO, WEIS, and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 26, 2009)

_____

OPINION

_____

AMBRO, Circuit Judge

Jose Carrera-Garrido came to the United States from Guatemala in 1992 when he

was 19 years old and applied for asylum on grounds that he was fleeing guerrilla recruitment efforts and death threats against him. His application "languished" in the INS Asylum office for more than nine years, Oral Decision of the Immigration Judge 2, during which time the civil war in Guatemala ended. It was referred to the Immigration Court in 2002, just in time to prevent him from qualifying for cancellation of removal under 8 U.S.C. § 1229b. *Cf. Robinson v. Napolitano*, No. 07-2977, 2009 WL 223856, at *11 (3d Cir. 2009) ("This same department[,] whose delay or inaction forecloses [an alien's] chance of becoming an American, now so diligently pursues the avenues of her expulsion.") (Nygaard, J., dissenting).

Carrera-Garrido married a Salvadoran national with Temporary Protected Status and with whom he has two young children who are American citizens (one unfortunately has serious health problems). Carrera-Garrido filed an updated asylum application and testified at his hearing that he fears criminal gangs will target him on return to Guatemala because his prior residence in the United States will suggest that he is wealthy and having children will make him a more vulnerable target. He has lived, worked, and paid taxes in this country for 16 years.

The Immigration Judge ordered Carrera-Garrido removed and Carrera-Garrido appealed to the Board of Immigration Appeals, challenging the IJ's rulings and raising a due process argument regarding the state of the record. The BIA rejected Carrera-Garrido's appeal, adopting the IJ's opinion. Where the BIA substantially adopts the findings of the IJ, we review both the IJ's and BIA's decisions. *Jarbough v. Att'y Gen.*,

483 F.3d 184, 191 (3d Cir. 2007). 8 U.S.C. § 1252 grants us jurisdiction. On his petition for review, Carrera-Garrido challenges the IJ's rulings and the BIA's rejection of his due process argument. In addition, we consider his motion to expand the record.[1]

To establish eligibility for asylum, Carrera-Garrido must show a well-founded fear of future persecution on account, among others, of political opinion or membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A) & 1158(b)(1)(A). Showing past persecution triggers a rebuttable presumption of a well-founded fear of future persecution. *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 345 (3d Cir. 2008). Even if an asylum applicant fails to show past persecution, he can still show a well-founded fear of future persecution if he can show that his fear is "subjective and objectively reasonable." *Id.* at 346. The former is obvious, and to show objective reasonableness he must demonstrate that there is a "reasonable possibility" he will suffer the feared persecution upon return to Guatemala. *Shardar v. Att'y Gen.*, 503 F.3d 308, 312 (3d Cir. 2007); 8 C.F.R. § 208.13(b)(2)(i)(B).

**Failure to Apply Proper Standard**

The IJ rejected Carrera-Garrido's asylum claim on the ground that his fear of persecution was not objectively reasonable. Oral Decision of the Immigration Judge 5. In doing so, he failed to apply the "reasonable possibility" standard. He did not explicitly set out the applicable standard anywhere in his opinion. The only intimation of what

---

[1] He also applied for withholding of removal and relief under the Convention Against Torture. As he raises no issue regarding these claims in his brief, we do not address them.

3

standard he applied, if any, appears in the following excerpt from his opinion: Carrera-Garrido "has not *established* any nexus between his situation and the murder of his cousin in 1988 . . . . Nor has [he] *established* that if he returned to Guatemala he would meet the same fate as his [other] cousin . . . did." *Id.* at 4 (emphases added). Carrera-Garrido did not need to "establish" such a nexus; instead, he only needed to show that there is a "reasonable possibility" that it exists. *Cf. Guo v. Ashcroft*, 386 F.3d 556, 563–64 (3d Cir. 2004). Nothing in the IJ's opinion suggests that he applied the proper standard. In this regard, we remand for the agency to apply that standard. *Silva-Rengifo v. Att'y Gen.*, 473 F.3d 58, 71 (3d Cir. 2007).

**A Social Group Claim**

At his hearing, Carrera-Garrido testified that he fears return to Guatemala as a former resident of the United States and father of two because criminal gangs will believe he has money and his children will make the gangs "feel that they can . . . make [him] pay." He submitted a State Department 2005 country report documenting "impunity for criminal activity" in Guatemala.

The IJ noted Carrera-Garrido's fear of being targeted because of his prior residence in the United States but did not discuss whether it warranted relief. Had he done so, the IJ would have analyzed whether there is a well-founded fear by Carrera-Garrido of future persecution on account of membership in a particular social group. That social group is former United States residents with children. Because this group is based on shared past experience, it likely falls within the ambit of our holding that "those

4

who possess immutable characteristics such as . . . prior position, status or condition" may be members of a particular social group. *Escobar v. Gonzales*, 417 F.3d 363, 367 (3d Cir. 2005); *see also Gomez-Zuluaga*, 527 F.3d at 345.

Carrera-Garrido did not specifically assert a social group claim as a ground for asylum before the IJ and did not check the box on his asylum application indicating membership in a particular social group. The BIA did not mention any potential social group issue. Although Carrera-Garrido's brief to our Court states that "the [Department of State] Report used in the hearing indicated that persons returning from the United States are a particular target since they are perceived by criminal elements to have money," Appellant's Br. 6, it does not specifically assert a social group claim.

Although the failure of Carrera-Garrido to develop this claim before the administrative reviewers or explicitly in our Court would normally result in waiver, *see, e.g.*, *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993), the asylum context is different. The IJ and BIA "have certain obligations under international law to extend refuge to those who qualify for such relief" and "bear the responsibility of ensuring that refugee protection is provided where such protection is warranted by the circumstances of an asylum applicant's claim." *In re S-M-J-*, 21 I. & N. Dec. 722, 723 (BIA 1997); *see also Mulanga v. Ashcroft*, 349 F.3d 123, 135 (3d Cir. 2003) (recognizing that "asylum . . . cases are different [because the IJ is responsible for making sure that] qualified applicants are provided refuge in accordance with the obligations imposed by international law").

It may be the case that Carrera-Garrido's testimony concerning his fear of being

5

targeted by criminal gangs based on his former United States residency and status as a father of two should have put the IJ, who discussed these fears, and the BIA on notice that Carrera-Garrido was stating a social group claim for asylum alongside his other asylum claims. In the asylum context, Carrera-Garrido's failure to raise explicitly a social group claim in his petition for review to our Court does not prevent us from addressing it where his brief states the claim with sufficient clarity to raise a question whether it should have been addressed by the agency.

We remand this issue to the BIA to consider whether it or the IJ should have addressed the claim and, if so, whether it warrants relief.

**The Due Process Claim**

Carrera-Garrido argued to the BIA that he was denied due process because the record before the IJ was incomplete. He argues that the record omits items from any proceedings conducted before an initial IJ, from whom the case was later transferred to the IJ who issued the ruling on Carrera-Garrido's application. Carrera-Garrido does not assert that any testimony is missing from the record nor state what the substance of such testimony might have been or how it might have helped his case. To succeed on a challenge based on the state of the record, an alien must show both incompleteness and prejudice. *Kheireddine v. Gonzales*, 427 F.3d 80, 85 (1st Cir. 2005). Carrera-Garrido has shown neither.

**The Motion to Expand the Record**

Carrera-Garrido motioned to add a 2006 country report to the record to show that

6

conditions described in 2005 remain the same. He also provided the Court with various articles describing the guilty plea of his former counsel before the IJ and BIA to criminal charges of immigration fraud for lying about the length of residency of alien clients. We deny this motion without prejudice to Carrera-Garrido's right to bring it on remand before the BIA.

**Conclusion**

We deny the petition for review of the BIA's decision as to the due process claim, grant the petition for review of the BIA's decision as to the asylum claims (resulting in a remand to the BIA), and deny the motion to expand the record without prejudice to Carrera-Garrido's right to bring it on remand before the BIA. On remand, the BIA should consider whether the asylum claims include a status group claim and apply the proper standard of review.